UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

      v.                                                                          **CR NO. 05-484M-01 (JMF)**

**ERIK JOHN GINYARD,**

      **Defendant.**

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. On August 28, 2005 at approximately 4:45 p.m., Officer Francis Jenkins of the Metropolitan Police Department was called to the 700 block of Kenilworth Avenue, in the vicinity of the Mississippi Avenue Metro station.

2. Upon his arrival, Officer Jenkins found the defendant inside the Metro station standing in a corner. The defendant had been shot in his forearm and was bleeding.

3. A witness told the police that he saw the defendant fire a gun and that after doing so, the defendant had run across the Metro station overpass and hidden his gun behind a wall in the overpass. The police later retrieved the defendant's loaded

        gun, a .45 caliber pistol, from the overpass.

4.      The defendant later admitted to the police that he had been involved in a shoot out.

## REASONS FOR DETENTION

### Eligibility

The government seeks the defendant's pre-trial detention pursuant to 18 U.S.C. § 3142(f)(1)(D) which authorizes the pre-trial detention of a defendant who, like this defendant, is (a) charged with a felony and (b) has been convicted of two or more crimes of violence. Since the defendant is currently charged with the unlawful possession of a firearm by a convicted felon and he was previously convicted of two crimes of violence, assault with intent to kill while armed and aggravated assault while armed, he is eligible for pre-trial detention.

### Pertinent Factors

In determining whether there are conditions of release which will reasonably assure the appearance of the defendant in court as required and the safety of the community the court is to consider:

1.      The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2.      The weight of the evidence;

3.      The history and characteristics of the person, including

    a.      His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b.      Past conduct, history relating to drug or alcohol abuse;
    c.      Criminal history;

  d.  Record concerning appearance at court proceedings;

  e.  Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law.

18 U.S.C. § 3142.

## Analysis

An analysis of these factors compels the conclusion that the defendant should be detained.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The offense charged, possession of a firearm by a convicted felon, is not *per se* a crime of violence, which would raise a presumption in favor of detention. Singleton v. United States, 182 F.3d 7 (D.C. Cir. 1999).

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant is a lifelong resident of the District of Columbia. He is single and has one child, who does not live with him. He currently lives with his mother and is unemployed but has a job offer waiting for him.

**The weight of the evidence**. The weight of the evidence is substantial. An eye witness told police that they saw the defendant firing a gun and then run and hide the gun. The defendant was himself suffering from a gunshot wound when the police arrived on the scene and the defendant admitted to the police that he had been involved in a shoot out.

**History relating to drug or alcohol abuse**. The defendant reports that he has used drugs in the past and this is borne out by recent drug testing.

**Record concerning appearance at court proceedings and prior criminal record.** On

June 5, 1998, the defendant was convicted of 1) carrying a dangerous weapon - 5 year sentence and 2) robbery - 7 year sentence.  On March 26, 2003, the defendant was convicted in the District of Columbia of 1) assault with intent to kill while armed - 15 year sentence, 2) aggravated assault while armed - 15 year sentence, 3) possession of a firearm during a violent dangerous offense - 5 year sentence, 4) carrying a pistol without a license outside a home or business - 5 year sentence, 5) carrying an unregistered firearm (misdemeanor) - 1 year sentence, and 6) unlawful possession of ammunition (misdemeanor) - 1 year sentence.  On March 28, 2003, the defendant was convicted of distribution of marijuana.  He received a 180 day sentence and was released on November 20, 2003.

**Whether on probation or parole at the time of the present offense.**  The defendant is currently on parole for the March 2003 charges.  Parole is set to expire July 4, 2026.  However, the defendant's probation officer indicates that defendant's compliance is poor and that she was in the process of preparing a violation report even before the defendant was arrested on these charges.  Thus, we have a defendant who is on post-conviction supervision on two violent crimes who is unfaithful to the conditions of that supervision and there is now probable cause to believe that he engaged in a shootout in the middle of the day on a public street.  I, therefore, conclude that there are no conditions I could set that would reasonably assure this defendant's appearance or that the would not commit new crimes if released and that he should be detained pending trial.  Indeed, if this defendant is not dangerous, one wonders who is.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated:

4